

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DISTRICT

QUINCEY B. CARPENTER                                                    PLAINTIFF

V.                                                                                    CIVIL NO.: 3:14cv 631 HTW-LRA

ADMINISTRATOR, DRUG ENFORCEMENT AGENCY         DEFENDANTS

DIRECTOR, MS. BUREAU OF NARCOTICS

SHERIFF, HINDS COUNTY SHERIFF DEPARTMENT

CHIEF, JACKSON POLICE DEPARTMENT

## COMPLAINT

### JURISDICTION

COMES NOW, pursuant to 28 usc sec. 1331, 42 usc sec. 1983, 42 usc. Sec. 2000 the religious freedom restoration act of 1983, the religious freedom clause of 1st amendment of the U.S. constitution and the equal protection clause of the 14th amendment UN general assembly resolution and treaty 61/106 of DEC. 13 2006 Articles: 5(2),10,17,19,22,25,26, and 28.

### PARTIES

The plaintiff, Quincey B. carpenter is a resident of the State of MS city of Jackson county of hinds, residing at 1021 Palmyra ST, Jackson, MS 39203.

Defendants are: administrator , drug enforcement agency, 8701 Morrissette Dr. Springfield, VA 22152 ; Director, MS Bureau of narcotics, 6090 I-55 south Byram, MS 39272, Chief of police, Jackson Police department, 327 E Pascagoula St, Jackson ms 39201, Sheriff, hinds county sheriff department 407 E. Pascagoula St. 39201.

## CAUSE OF ACTION

1. The controlled substance act title 21 of the united states code and MS code 41-29-101 et seq. 41-29-139 classify marijuana as an illegal substance with stiff criminal penalties.
2. The defendants a charged with enforcement of these criminal penalties
3. The plaintiff is a Zionist known as rastafari and marijuana is use as a required sacrament of the faith for prayer ,worship, fellowship, and the commune with God.
4. Under current enforcement practices the plaintiff would be arrested for the practice of his faith here in the state of Mississippi. The possession, manufacture, and distribution criminalized and the plaintiff would be arrested with other members of his rastarian church and faith.
5. In the case of **GONZALES-V-O CENTRO ESPIRITA BENEFICENTE UNIAO DO VEGETAL, 546 U.S. 418,(2006)** THE HIGH COURT held that use of DEA controlled substance were permitted for religious purposes.
6. A injunctive order based upon current controlling case law is needed to corrected irreparable harm which is the prevention of free religious practice by the plaintiff or to practice his faith is to be arrested.

## RELIEF

1. A TEMPORARY RESTRAINING ORDER BARRIBNG THE DEFENDANTS FROM ARRESTING OR CONFISCATING MARIJUANA FROM THE PLAINTIFF AND ALLOWING THE PLAINTIFF TO MANUFACTOR, POSSESS, AND DISTRIBUTE MARIJUANA TO RASTAFARIAN MEMBERS OF THE INCORORATED RASTAFARIAN CHRUCH ;
2. A PERMENENT INJUNCTION BARRING THE DEFENDANTS FROM TAKING CRIMINAL ACTIONS AGAINST THE PLAINTIFF FOR POSSESSION, MANUFACTOR, OR DISTRIBUTION OF MARIJUANA BY THE PLAINTIFF AND MEMBERS OF THE RESTAFARI FAITH.

RESPECTFULLY SUBMIITED,

QUINCEY B. CARPENTER

1021 PALMYRA ST

JACKSON, MS 39203

(769)251-4295