**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**QUINCY B. CARPENTER**                                                                 **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 3:14CV631-HTW-LRA**

**MICHELLE M. LEONHART,
DEA ADMINISTRATOR, ET AL**                                                    **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Quincy B. Carpenter [hereinafter "Plaintiff"] filed a Complaint pursuant to 42 U.S.C. Section 1983 on August 13, 2014, naming eight Defendants, including Michele M. Leonhart, the Administrator of the Drug Enforcement Agency; Marshall Fisher, Director of the Mississippi Bureau of Narcotics; Lee Vance, Chief of the Jackson Police Department; and, Tyrone Lewis, Sheriff of Hinds County.  By Order [7] filed August 26, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis* and directed him to prepare the summonses.  Plaintiff responded to that Order on November 19, 2014, naming individual Defendants and giving the addresses of the four Defendants named above.  However, Plaintiff did not complete the summonses forms or request that the summonses for these Defendants be issued.  The case then stalled on the docket of the Court.  Plaintiff has filed no pleading or inquiry in the case since his last change of address filed January 15, 2015.

The Court entered an Order to Show Cause [13] on August 29, 2016, directing Plaintiff to serve process on or before October 3, 2016, or to show cause in writing as to why he may need additional time to serve process.  He was advised that his failure to respond to

the Order on or before October 3, 2016, would result in the dismissal of his Complaint. Even though the Order was mailed to his last known address, and was not returned by the postal service, he has filed no response.

Plaintiff has not caused process to be served on these Defendants, even though the Complaint was over two years ago. Although he was granted leave of the Court to proceed *in forma pauperis*, he is still required to prepare the summonses and request that they be issued and served.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute his case by not having caused process to be served within 120 days after filing the Complaint and by not having complied with the Court's August 29, 2016, Order to Show Cause [13].

FED. R. CIV. P.4(m)[1] provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ...

The time period for serving process originally expired on or about December 26, 2014, 120 days after he was granted *in forma pauperis* status. The Court has not previously dismissed the case because plaintiffs who are proceeding IFP and *pro se* are given greater latitude in

---

[1] The rule was amended effective December 1, 2016, to provide that defendants must be served within 90 days.

effecting process. However, Plaintiff was not incarcerated when he filed this lawsuit, and he has been given a great deal of time to prosecute his case. He did not respond to the Court's August 29, 2016, Order to Show Cause [13]. The undersigned must presume that he does not wish to proceed. It is probable that he has lost interest in prosecuting his claims against these Defendants but has not formally requested that his case be dismissed.

This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party,

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

 Respectfully submitted, this the 13th day of October 2016.


                                         S/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE